642 A.2d 1120

**John J. MATTERNAS and Elaine Matternas, His Wife, Appellants,**

**v.**

**Theodore H. STEHMAN T/A Ted Stehman's Joinery.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1993.

Filed June 2, 1994.

258

Edward J. Coyle, Lebanon, for appellants.

Margaret J. Concannon, Lancaster, for appellee.

Before DEL SOLE, FORD ELLIOTT, and HOFFMAN, JJ.

FORD ELLIOTT, Judge:

Appellants come before us challenging the entry of summary judgment in their action in assumpsit. The basis for the granting of appellee's motion for summary judgment was that the matter complained of in appellants' assumpsit action had already been decided by judicial determination and was thus barred by *res judicata*. We do not agree that *res judicata* applies instantly, nor do we believe that appellants are collaterally estopped from pursuing the issues raised by their lawsuit. Therefore, we shall vacate the order of the trial court and remand for a trial in this matter.

Appellants are property owners who, in late 1988, hired appellee, a building contractor, to convert a barn on their property into a residence. As payments to appellee were not forthcoming, on November 13, 1989, appellee filed a claim under the Mechanics' Lien Law of 1963.[1] The lien sought was in the amount of $53,567.76 plus interest.

Appellants responded by filing an answer with new matter, as well as a counterclaim, which was treated as a claim

1. 49 P.S. § 1101 *et seq.*

for a set-off.[2] The new matter asserted as a defense a breach of contract by appellee and also averred that appellee had already been paid in full. By way of "counterclaim," appellants alleged a failure to complete in a workmanlike manner and claimed that the reasonable cost of completion was in the sum of $10,000.00.

Eventually, the parties were able to amicably conclude the mechanics' lien matter by settlement agreement, the terms of which were embodied in a consent order dated November 30, 1990. The terms of this order were as follows:

AND NOW, to wit, November 30, 1990, the parties having amicably resolved their differences and expressed a desire to enter into a compromise settlement of the matter heretofore presented, in accordance with that agreement, and in the presence of the parties, the Court orders as follows:

1. The Prothonotary of Lebanon County is directed to enter judgment in favor of the Plaintiff, Theodore H. Stehman, t/a Ted Stehman's Joinery, and against John J. Matternas and Elaine Matternas, husband and wife, in the amount of $58,512.12 which sum represents the balance of the Plaintiff's claim of $53,696.83 plus agreed upon statutory interest to December 2, 1990. Lien priority shall be established as of November 21, 1988, as provided un [sic] the Mechanics' Lien Law of 1963, August 24, P.L. § 1175, No. 417, 49 P.S. § 1201(4).

2. The Defendants, in satisfaction of the judgment, agree to pay the following:

A. $40,000 on or before 5 p.m., January 10, 1991, in the offices of counsel of record for the Plaintiff.

B. $5,000 on or before 5 p.m., January 31, 1991, in the offices of counsel of record for the Plaintiff.

3. Upon payment of the sums in a timely fashion as provided for in Paragraph 2 by the Defendants to counsel

---

**2.** A true counterclaim may not be raised in Mechanics' Lien claim proceedings, pursuant to 49 P.S. § 1701(e), but rather only the right to a set-off may be raised. Additionally, the amount of any set-off is limited to the amount of the lien itself. *See Standard Pennsylvania Practice 2d*, § 105:215, at 267.

for the Plaintiff, the Plaintiff shall arrange for the satisfaction of the within matter upon the records of the Prothonotary of Lebanon County.

In the event of a breach either in the amount of payment or the time of payment for either of the two payments referred to in Paragraph 2 herein, the Plaintiff is at liberty to proceed to process the collection upon the judgement referred to in Paragraph 1.

Order, 11/30/90 at 1–2.

Thereafter, appellants failed to make the payments specified under paragraph 2, and appellee was allowed to assert a mechanics' lien in the amount of $58,512.12.[3]

Appellants subsequently instituted the instant action in assumpsit against appellee. Appellants sought damages for breach of contract for failure to complete, failure to complete in a workmanlike manner, and cost of repairs. These damages allegedly were in the amount of $37,000. Appellee responded with a motion for summary judgment which was granted on the basis of *res judicata.* The court held that appellants' claims had previously been litigated in the mechanics' lien proceedings.

On appeal, appellants raise two issues for our consideration:

A. Where an owner's claim for defective workmanship is asserted as a set-off in a mechanics' lien action, whether the owner may assert the same claim for defective workmanship in an independent contract action.

B. Assuming that an owner is barred from asserting both a set-off claim and an independent contract claim for the same items of defective workmanship, whether the owner may assert his defective workmanship claims in an independent contract action to the extent they were not asserted as a set-off.

Preliminary, we note our standard of review in matters of summary judgment:

**3.** $53,696.83 plus interest.

Summary judgment is only proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b), 42 Pa.C.S.A. The movant must demonstrate that no genuine factual issues exist and that he is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 202–06, 412 A.2d 466, 468–69 (1979). An appellate court must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. *Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.*, 320 Pa.Super. 291, 297, 467 A.2d 330, 333 (1983). All doubts must be resolved against the movant, as summary judgment is only proper in the clearest case. *Thompson Coal, supra* [488 Pa.] at 202–06, 412 A.2d at 468–69. Nonetheless, the grant of summary judgment will only be reversed for an error of law or a clear abuse of discretion. *Jones v. Keystone Insurance Co.*, 364 Pa.Super. 318, 322, 528 A.2d 177, 179 (1987), *alloc. denied,* 518 Pa. 613, 540 A.2d 535 (1988) (citation omitted).

*Carns v. Yingling,* 406 Pa.Super. 279, 282, 594 A.2d 337, 339 (1991). We may now turn directly to appellants' concerns.

■ Appellants' argument pertains to the application of the doctrines of *res judicata* and collateral estoppel. These doctrines serve to preclude the litigation, respectively, of claims and issues that have previously been litigated. We must first consider where *res judicata* applies.

■ Where there has previously been rendered a final judgment on the merits by a court of competent jurisdiction, the doctrine of *res judicata* will bar any future suit on the same cause of action between the same parties. *See 10 Standard Pennsylvania Practice 2d* § 65:32. Invocation of the doctrine of *res judicata* (claim preclusion) requires that both the former and latter suits possess the following common elements:

1. identity in the thing sued upon;
2. identity in the cause of action;
3. identity of persons and parties to the action; and

4. identity of the capacity of the parties suing or being sued.

*Banker v. Valley Forge Insurance Co.,* 401 Pa.Super. 367, 373–74, 585 A.2d 504, 508 (1991), *allocatur denied,* 529 Pa. 615, 600 A.2d 532 (1991).

▋ As prelude to their first argument, appellants assert that the doctrine of *res judicata* does not apply in the situation at bar because the earlier mechanics' lien proceeding was settled prior to hearing. The argument continues that their set-off claims were, therefore, not actually considered in the first proceeding. Appellants are only partly correct. Certainly, our case law does accord *res judicata* effect to consent judgments:

> Where the four identities are present, a judgment entered by consent or agreement will bind the parties with the same force and effect as if it had been entered after a full hearing on the merits.

*A.C. Elfman & Sons, Inc. v. Clime,* 355 Pa.Super. 394, 397, 513 A.2d 488, 489 (1986). As will be shown following our discussion of *res judicata,* the same is not necessarily true of collateral estoppel.

▋ Appellants challenge the application of the doctrine of *res judicata* by the trial court to the instant case on the basis of a lack of identity in the cause of action. The central theme of appellants' argument is that identity of cause of action is missing because the former mechanics' lien proceeding was an action *in rem* while the latter assumpsit action on the contract was *in personam.* We agree.

Instantly, we see no identity in either the cause of action or in the thing sued upon. A mechanics' lien proceeding merely addresses the rights of parties vis-a-vis a parcel of property. It does not address the rights of parties vis-a-vis each other. In the former mechanics' lien action hereunder, appellants and appellee contested their interest in a certain real property; they did not litigate, for the purpose of *res judicata,* their contractual rights as against each other. This should be evident from the language of the statutory law, which does not

allow an owner to assert a counterclaim as part of a set-off, nor is any money judgment authorized. 49 P.S. § 1701(e). That would inject an *in personam* claim into what is essentially an *in rem* proceeding. We are not alone in the conclusion that a prior mechanics' lien action will not bar a subsequent assumpsit suit:

We are of the opinion that judgment for plaintiffs on the mechanics' lien action does not preclude them from suing in assumpsit. The Mechanics' Lien Law of 1963 provides:

'Nothing in this act shall alter or affect the right of a claimant to proceed in any other manner for the collection of debt.' Act of August 24, 1963, P.L. 1175, No. 497, art. vii § 702, 49 P.S. § 1702.

Section 1702 merely codified the court decisions supporting plaintiffs' argument that mechanics' lien and assumpsit actions are cumulative remedies. It has been held that:

'[T]here may not only be a mechanics' lien filed against the owner and contractor, and that prosecuted to judgment, but a personal action may be brought on his personal liability on the contract.' *Artman v. Truby*, 130 Pa. 619, 632, 18 Atl. 1065, 1066 (1890).

'A mechanics' lien is simply a statutory security for enforcing the payment of certain claims which have supposedly added to the value of the property.... It is an additional concurrent and cumulative remedy ... and does not derogate from any other available remedies such as assumpsit.' *Halowich v. Amminiti*, 18 D. & C.2d 306, 307 (1958), affirmed per curiam, on the opinion of the lower court, 190 Pa.Super. 314, 154 A.2d 406, 407 (1959).

'[A] creditor may bring an action in assumpsit and at the same time file a mechanics' lien and issue a writ of scire facias sur mechanics' lien thereon. We have no quarrel with the statement that these remedies are concurrent and cumulative.' *Contractors Lumber and Supply Company v. Quinette*, 185 Pa.Super. 66, 68, 137 A.2d 841, 842 (1959).

'It is no doubt true ... that an action of assumpsit for materials sold and a proceeding to enforce the mechanics'

[sic] lien are concurrent and cumulative remedies.' *Hoffman Lumber Company v. Mitchell*, 170 Pa.Super. 326, 330, 85 A.2d 664 [ (1952) ]

*Moran & Priar Home Improvement v. Khouri*, 30 D & C3d 548, 551–52 (1984).

■ While the above quoted passages pertain to subsequent actions by the contractor, and while the Mechanics' Lien Law specifically allows the claimant-contractor to so proceed, we believe that an owner is similarly not barred from bringing a contemporary or subsequent suit on the contract. As set out generally in *Malin v. Nuss*, 234 Pa.Super. 259, 338 A.2d 676 (1975):

We hold that subsection 701(e) [sic] was not intended to bar all affirmative actions on the part of the owner against the contractor. The subsection was intended to prevent a statutory lien claim filed by a contractor from resulting in a judgment for the owner. *See, e.g., Dennison v. Dietrich*, 3 Pa.D & C.2d 43 (1954).

*Malin v. Nuss* at 262, 338 A.2d at 678. Certainly, the effect of *res judicata* will attach in any subsequent proceeding which attempts to address the rights of the parties in the property that was the subject of the mechanics' lien. However, the doctrine of *res judicata* has no effect on subsequent actions on the contract.[4]

■ The Mechanics' Lien Law of 1963 was intended to protect the prepayment labor and materials that a contractor invests in another's property, by allowing the contractor to obtain a lien interest in the property involved. A lien proceeding is not intended to settle the contractual obligations of the parties. We note:

There is no right of lien for damages for breach of contract. The rule has also been stated that a mechanic's

---

4. We have previously ruled that *res judicata* may arise from a mechanic's lien action to bar a subsequent action on the contract. *See Contractors Lumber and Supply Co. v. Quinette*, 185 Pa.Super. 66, 137 A.2d 841 (1958). However, a reading of *Quinette* reveals that the court was actually applying the doctrine of collateral estoppel. We agree that this doctrine may sometimes, but not always, apply.

lien cannot be made the basis of a recovery for unliquidated damages for breach of contract. A claim by a contractor will be rejected as being for profits, rather than for labor and materials, where it appears that the owner ordered the contractor to discontinue work and afterward the owner completed the building, and the contractor filed a lien and proved the amount of the claim by deducting from the contract price the amount received by him on account and the value of the labor and materials which he would have furnished to complete the work.

20 Standard Pennsylvania Practice 2d § 105:4, pp. 16–17 (footnotes omitted).

We find support for this interpretation in the Restatement, Second, Judgments § 30:

### § 30. Judgments Based on Jurisdiction to Determine Interests in Things

A valid and final judgment in an action based only on jurisdiction to determine interests in a thing:

(1) Is conclusive as to those interests with regard to all persons, if the judgment purports to have that effect (traditionally described as 'in rem'), or with regard to the named parties, if the judgment purports to have that effect (traditionally described as 'quasi in rem'); and

(2) Does not bind anyone with respect to a personal liability; and

(3) Is conclusive between parties, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action.

Restatement, Second, Judgments § 30.

Other authorities concur with this analysis:

### § 1074. Merger and bar of cause of action.

It sometimes happens that out of the same transaction there arise rights both in personam and in rem. In such case, a judgment in rem does not merge the action in

personam on the original claim, and does not constitute a bar to an action thereon.

47 AmJur2d, Judgments § 1074, p. 136 (footnotes omitted).

Still, while a different subsequent cause of action will not be subject to the application of *res judicata,* we must yet examine whether collateral estoppel may work to bar appellants from raising the issues contained in their lawsuit. We believe that it does not.

As we noted earlier, the fact that the prior judgment was a consent judgment would not forestall the attachment of *res judicata.* The same is not necessarily true of collateral estoppel.

Collateral estoppel (issue preclusion) is closely related to *res judicata,* but bears certain distinctions:

> [W]e note that the doctrine of *res judicata,* subsumes the more modern doctrine of issue preclusion which forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment. *Clark v. Troutman,* 509 Pa. 336, 340, 502 A.2d 137, 139 (1985). Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment. *Philadelphia Marine Trade Association v. International Longshoreman's Association,* 453 Pa. 43, 308 A.2d 98 (1973); *See also Mellon Bank v. Rafsky,* 369 Pa.Super. 585, 535 A.2d 1090 (1987).

*City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 55–56, 559 A.2d 896, 901 (1989).

Collateral estoppel does not require identity of causes of action or parties. *Thompson v. Karastan Rug Mills,* 228 Pa.Super. 260, 323 A.2d 341 (1974). However, while

*res judicata* will bar subsequent claims that could have been litigated in the prior action, but which actually were not, collateral estoppel will bar only those issues that actually were litigated in the prior proceeding. *Martin v. Poole*, 232 Pa.Super. 263, 336 A.2d 363 (1975). Our case law has determined that in a situation involving a consent judgment, there has been no actual litigation of issues. Collateral estoppel does not attach, unless the agreement between the parties was manifestly intended to resolve a particular issue. *See* Restatement, Second, Judgments, § 27, comment e (1980). *See also GPU Industrial Intervenors v. Pennsylvania Public Utilities Commission*, 156 Pa.Cmwlth. 626, 628 A.2d 1187 (1993), and *In Re Jones & Laughlin Steel Corporation*, 328 Pa.Super. 442, 477 A.2d 527 (1984).

Instantly, the only memorialization of the parties' agreement was the consent order itself. This order is inadequate to enable us to discern exactly which issues the parties were resolving. From the face of that order, it is possible that no issue was intended to be resolved, but that the parties entered the agreement in order to avoid the costs and uncertainty of litigation. In sum, there is no basis for us to regard any issue as having been settled by the prior consent order, nor, therefore, is there any basis for us to attach to it any collateral estoppel effect. Appellants are thus free to broach the issues raised in their instant suit.

Accordingly, the order granting summary judgment is hereby vacated and the matter is remanded for trial. Jurisdiction relinquished.

DEL SOLE, J., files a dissenting statement.

DEL SOLE, Judge, dissenting.

I conclude that the disposition of the prior mechanics lien action included all items raised by appellants in that case. I agree with the trial court that the issues in this case are precluded from being re-litigated. Therefore, I dissent.