

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2008

# RegScan Inc v. Brewer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2082

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"RegScan Inc v. Brewer" (2008). *2008 Decisions.* Paper 655.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/655

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2082
_____

REGSCAN, INC.,

Appellant

v.

DEAN MARK BREWER; KEVIN SPENCE;
BRUCE REGAN; GARY TABBERT;
CITATION PUBLISHING, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-6043)
Honorable Michael M. Baylson

_____

Argued: March 24, 2008

_____

Before: McKee, Rendell and Tashima,* Circuit Judges,

(Filed: August 14, 2008)
_____

Daniel F. Schranghamer, Esq. **(ARGUED)**
Allen E. Ertel & Associates
800 West Fourth Street
Williamsport, PA 17701

_____

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

*Counsel for Appellant Regscan Inc.*

Jason P. Gosselin, Esq. **(ARGUED)**
Michael J. Miller
Drinker, Biddle & Reath
18th & Cherry Streets
One Logan Square
Philadelphia, PA 19103
　　　*Counsel for Appellees*


_____

OPINION

_____


McKee, *Circuit Judge*:

　　　RegScan appeals the district court's grant of summary judgment in favor of

defendants on claims RegScan brought under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"). For the reasons that follow, we will affirm.

**I.**

　　　We review the district court's grant of summary judgment *de novo*. *Petruzzi's*

*IGA Supermarkets v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993). When

an appellant argues that an order granting summary judgment was premature, we review

the refusal to delay action for an abuse of discretion. *Pastore v. Bell Tel. Co.,* 24 F.3d

508, 510 (3d Cir. 1994).

　　　The application of *res judicata* is governed here by Pennsylvania law. *See, e.g.,*

*Allegheny Int'l v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994).

Under Pennsylvania law, "a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privy on the same cause of action." *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 680-82 (Pa. Super. 1995). "Invocation of the doctrine of *res judicata* (claim preclusion) requires that both the former and latter suits possess the following common elements: (1) identity in the thing sued upon; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued." *Matternas v. Stehman*, 642 A.2d 1120, 1123 (Pa. Super. 1994) (citation omitted).

## II.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background except insofar as may be helpful to our brief discussion.

RegScan argues that the state court's denial of the motion to amend was not a judgment on the merits because it consisted of a one sentence order. However, as noted by the district court and the Defendants, the state court sanctioned the Plaintiff for bringing the motion to amend. In its opinion granting sanctions, the state court explained that RegScan's RICO claims were "not warranted by existing law" nor was there "any nonfrivolous argument for the extension or modification of existing law." This can only be read as a decision that an amendment to the complaint would be futile - and under the law of most jurisdictions - that is a judgment on the merits. *See ITT v. Intelnet*, 366 F.3d

205, 211-212 (3d Cir. 2004) (looking to statements made by state court at motions hearing to determine whether denial of motion to amend was a resolution on the merits). We therefore reject RegScan's attempt to define the state court decision as procedural rather than substantive.

RegScan next argues that the district court incorrectly concluded that there was an "identity of the capacity of the parties" between the Pennsylvania and federal suits. It does not challenge the court's ruling on the other three *res judicata* prongs. RegScan claims that it is suing the individual defendants in their individual capacities, and not as officers, directors, and/or employees of Citation. An examination of the proposed amendment to the state court complaint and the federal complaint shows that all of the alleged actions of the defendants were undertaken as representatives and agents of Citation. Thus, the district court correctly concluded that the fourth prong of Pennsylvania's *res judicata* doctrine has been met.

**III.**

Finally, we conclude that it was not an abuse of discretion for the district court to rule on the Defendants' summary judgment motion without allowing further discovery. In *Bradley v. United States,* we held that "in all but the most exceptional cases, failure to comply with Rule 56(f) is fatal to a claim of insufficient discovery on appeal." 299 F.3d 197, 207 (3d. Cir. 2002) (citation omitted). It is undisputed that RegScan failed to submit a Rule 56(f) affidavit prior to the district court's decision. We find no exceptional

circumstances on this record that would excuse that failure.

## IV.

For the foregoing reasons, we will affirm the judgement of the district court.