DLD-343                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2404
_____

LARRY LEGGETT,
                    Appellant

v.

DELORES BATES; VIVIAN T. MILLER, Clerk of Quarter Sessions;
PAMELA P. DEMBE, President Judge; JANE CUTLER GREENSPAN, Judge;
SHEILA WOODS-SKIPPER, Supervising Judge, Sued in their individual and
official capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-07408)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 18, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 30, 2013 )

_____

OPINION
_____

PER CURIAM

Larry Leggett, proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment in favor of the Defendants. For the reasons set forth below, we will summarily affirm.[1]

I.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Larry Leggett, a Pennsylvania prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 on December 13, 2011, alleging denial of access to the court system. He named as defendants three state court judges and two judicial employees. The complaint is nearly identical to one Leggett filed against the same defendants in the Court of Common Pleas for Philadelphia County in February 2010 (the "2010 complaint.")[2] Both complaints alleged that the named judicial employees denied him the right of access to the courts by rejecting and mailing back certain filings instead of docketing them, and

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6.

[2] Although the 2010 complaint is not in the record of the case at bar, it was attached to a filing in Leggett v. Bates, Civil Action No. 10-cv-1068 (E.D. Pa. filed March 11, 2010), and we are therefore able to take judicial notice of its contents. Courts may take judicial notice of a fact that is not subject to reasonable dispute in that it is either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). See also United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

that the named judges were informed of these events but did not intervene.[3] The 2010 complaint had a tortuous procedural history including removal to federal court and remand to state court before ultimately being dismissed by the Court of Common Pleas.[4]

The instant complaint, filed pursuant to 42 U.S.C. § 1983, arises out of the same set of facts and names the same five defendants as the 2010 complaint. The District Court found that the defendants were entitled to summary judgment on the basis of res judicata.

## II.

We exercise plenary review of the District Court's decision to grant summary judgment in favor of the defendants, and we apply the same standard applicable in the District Court. See Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 362 (3d Cir. 2008). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Because this is a motion for summary judgment, we view the facts in this case in the light most favorable to Leggett, the non-moving party. See Doe, 527 F.3d at 362.

---

[3] The filings concerned a motion to re-open or reconsider Leggett's criminal conviction sent directly to Judge Greenspan's chambers and, following her secretary's return of that filing, a notice of appeal of the secretary's action sent to the Clerk of Quarter Sessions office. That filing was also returned to Leggett without being acted upon.

[4] The Court of Common Pleas construed Leggett's attempted filings as matter related to his unsuccessful PCRA petition and transferred those claims to its criminal division. The March 3, 2010 order dismissed the civil aspects of Leggett's complaint for failure to state

3

A genuine issue of material fact cannot exist when the facts giving rise to a claim have already been adjudicated on the merits and claim preclusion is in effect. Under federal law, a state court decision is given the same res judicata effect in subsequent federal proceedings as it is given in the issuing state's courts. 28 U.S.C. § 1738. To determine whether res judicata properly applies to a Pennsylvania state court decision, we look to Pennsylvania law. McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989).

Under Pennsylvania law, "a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privy on the same cause of action." Dempsey v. Cessna Aircraft Co., 653 A.2d 679, 680-82 (Pa. Super. 1995). "Invocation of the doctrine of res judicata (claim preclusion) requires that both the former and latter suits possess the following common elements: (1) identity in the thing sued upon; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued." Matternas v. Stehman, 642 A.2d 1120, 1123 (Pa. Super. 1994) (citation omitted).

We agree with the District Court that Leggett is precluded from relitigating his claims. Leggett alleges in both complaints that the same five defendants, all sued in their individual and official capacities, deprived him of his constitutional due process rights by refusing to docket his filings and then failing to respond to his subsequent requests for intervention. The District Court properly found that all of the above elements of res

a claim, as the defendants' conduct was not actionable even in the absence of judicial immunity.

4

judicata were present.  Nothing in Leggett's submission to this court opposing summary affirmance suggests otherwise.  Because the 2010 complaint was terminated by a final judgment on the merits, Leggett's subsequent claim is precluded.  Therefore no genuine issue of material fact could exist and the grant of summary judgment in favor of the defendants was correct.

III.

There being no substantial question presented on appeal, we will summarily affirm.