J-S30019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TIMOTHY D. EILAND | |
| Appellant | No. 1658 MDA 2016 |

Appeal from the Judgment of Sentence May 25, 2016
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000341-2013

BEFORE:  SHOGAN, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                   **FILED JULY 11, 2017**

Appellant, Timothy D. Eiland, appeals from the judgment of sentence of five to ten years of incarceration, entered May 25, 2016, following a bench trial resulting in his conviction for four counts of possession with intent to deliver, two counts of possession of a controlled substance, possession of drug paraphernalia, and firearms not to be carried without a license.[1]  We affirm.

A previous panel of this Court summarized the facts of this case as follows:

> On December 3, 2012, at 2:11 p.m., a 911 dispatch announced a robbery had just occurred at M & T Bank, located at 2001 West Fourth Street in Williamsport, Pennsylvania.  The initial dispatch described the suspect as a black male, six feet tall, wearing a

_____

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32), and 18 Pa.C.S. § 6106.

dark sweatshirt and a ski mask, running west away from the bank. The description was updated to include that the suspect was in his twenties, had a thin build, was wearing white gloves and carrying a grey bag. The height of the suspect was described as 5'7" to 5'10".

Sergeant Christopher Kriner, wearing plain clothes, responded to the dispatch and stationed himself at the intersection of Funston Avenue and West Fourth Street, across the street from the bank, in an unmarked Ford Crown Victoria police car. At 2:24 p.m., Sergeant Kriner observed a white Chrysler 300M, with a Tennessee license plate, driving east on West Fourth Street, passing the bank. He observed three black males in the vehicle, appearing to be in their twenties, and wearing dark colored clothing. As the car passed between the bank and Sergeant Kriner, the backseat passenger ducked down. At approximately 2:28 p.m., after determining the vehicle was a rental car, Sergeant Kriner initiated a traffic stop.

Immediately upon making contact with the vehicle, Sergeant Kriner detected a strong odor of marijuana, and the occupants were ultimately searched and found to be in possession of contraband. The Commonwealth charged both [David Emanuel Collins Jr., Appellant's co-defendant] and Eiland with numerous counts of possession with intent to deliver a controlled substance, possession of a controlled substance by person not registered, possession of drug paraphernalia, criminal conspiracy, receiving stolen property, possession of firearm prohibited, and firearms not to be carried without a license.

*See Commonwealth v. Eiland*, 116 A.3d 689 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 121 A.3d 494 (Pa. 2015) (internal citations to the record omitted).

In May 2013, Appellant filed a motion to suppress evidence seized as a result of the traffic stop. In December 2013, the suppression court granted Appellant's co-defendant's motion to suppress. In January 2014, the suppression court granted Appellant's motion, based on its earlier ruling. The Commonwealth appealed both decisions. On appeal, this Court found

that Sergeant Kriner did have reasonable suspicion to stop Appellant's car, reversed the suppression order, and remanded for further proceedings. **See** **Eiland**, 116 A.3d at 689.

In August 2015, Appellant filed a supplemental motion to suppress evidence, arguing that the stop had been made in violation of his constitutional rights, as Sergeant Kriner had an honest but mistaken belief that the vehicle had been involved in a bank robbery. **See** Supplemental Motion to Suppress, 8/28/15, at ¶¶ 10-11. Appellant argued there is no "good faith exception" with regard to unlawful seizures and that **Terry**[2] stops are incompatible with the Pennsylvania State Constitution. **Id.**

Following argument, the court denied the motion as untimely and without merit. The matter proceeded to bench trial, and Appellant was convicted of the above charges. In May 2016, Appellant was sentenced as set forth above. Appellant timely filed a post-sentence motion, which the court denied.

Appellant timely appealed and filed a court-ordered statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following questions for our review:

---

[2] **Terry v. Ohio**, 88 S. Ct. 1868 (1968).

1. Whether the trial court erred in denying Appellant's supplemental motion to suppress evidence as being untimely and without merit?

2. Whether a panel of this court erred in finding that the trial court's ruling that the police officer lacked "reasonable suspicion" to stop the vehicle being operated by Appellant on the basis that the vehicle was somehow involved in a bank robbery raised a pure question of law instead of a mixed question of law and fact?

3. Assuming that the trial court's ruling is on a mixed question of law and fact, did a panel of this court give adequate deference to the trial court's decision that the police officer lacked reasonable suspicion?

Appellant's Brief at 7 (unnecessary capitalization omitted).

Our standard of review when addressing a challenge to the denial of a suppression motion "is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citations omitted). Where these findings are supported by the record, we are bound by those findings and may reverse only if the court's legal conclusions are erroneous. *Id.*

Here, Appellant claims that the trial court erred in denying Appellant's "supplemental motion" as untimely. *See* Appellant's Brief at 13. Appellant claims that, even if Sergeant Kriner had an honest but mistaken belief that one of the occupants of the vehicle was involved in the bank robbery, this would not justify the stop of the vehicle as there is no "good faith exception" with regard to unlawful seizures. *Id.* at 13-14 (citing in support *Commonwealth v. Johnson*, 86 A.3d 182 (Pa. 2014)). Appellant argues

that because ***Johnson*** was not decided until after Appellant's motion to suppress was granted, he did not have the opportunity to make this argument in support of his motion, and the Commonwealth would not have been prejudiced by the court's entertaining the motion on the merits. ***See*** Appellant's Brief at 16.

The Pennsylvania Rules of Criminal Procedure provide that unless required in the interests of justice, all pretrial requests for relief, including motions for suppression of evidence, shall be included in one omnibus motion. ***See*** Pa.R.Crim.P. 578. The omnibus motion for relief shall be filed and served within thirty days after arraignment, unless the opportunity to do so did not exist, the defendant was not aware of the grounds for the motion, or unless the court has extended the time for filing for good cause. ***See*** Pa.R.Crim.P. 579. A motion to suppress evidence shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof; if a timely motion is not made, the issue of suppression will be deemed waived. ***See*** Pa.R.Crim.P. 581.

Here, there is no question that Appellant's "supplemental motion" to suppress was untimely filed per the Rules of Criminal Procedure. Appellant waived arraignment March 7, 2013. His first omnibus motion was filed May 7, 2013. The instant motion was not filed until August 28, 2015, over two years later. Nevertheless, Appellant contends he is entitled to special consideration based upon case law decided in the interim of the

Commonwealth's appeal. Appellant argues that he could not raise this issue prior to his August 2015 "supplemental motion," as **Johnson** was not decided until February 2014.

Appellant suggests, wrongly, that **Johnson** provides grounds for relief. However, **Johnson** is inapposite. In **Johnson**, the arrest was made on an invalid and expired arrest warrant, although the police officer reasonably and in good faith believed that the arrest warrant was valid. **See Johnson**, 86 A.3d at 184. The Pennsylvania Supreme Court held that the evidence was properly suppressed under Article I, Section 8 of the Pennsylvania Constitution, and the Court's prior decision in **Commonwealth v. Edwards**, 586 A.2d 887 (Pa. 1991) (rejecting federal good faith exception to the exclusionary rule in a case involving evidence seized pursuant to a defective search warrant).

In the instant case, however, a panel of this Court held that the totality of the circumstances supported the reasonable suspicion of Sergeant Kriner to conduct a traffic stop. **See Eiland**, 116 A.3d at 689. A defective warrant was not at issue, and accordingly, Appellant's arguments regarding **Johnson** are meritless.

Appellant's remaining issues challenge a prior ruling of this Court. Appellant claims that the panel erred in overruling the suppression court. **See** Appellant's Brief at 17. Appellant contends that the panel "replaced its view of the facts for that of the trial court in complete violation of the

standard of review that an appellate Court should undertake" in an appeal from a suppression order. *Id.* at 18.

In the prior appeal, the panel held that the suppression court erred in finding Sergeant Kriner did not have reasonable suspicion to stop Appellant and his co-defendant, and "we cannot revisit that determination herein."[3] ***True R.R. Assocs., L.P. v. Ames True Temper, Inc.***, 152 A.3d 324, 337 (Pa. Super. 2016); *see also See Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) ("upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter"). Here, the Commonwealth successfully appealed. Appellant applied for *en banc* consideration and reargument of that decision before this Court. That request was denied. He petitioned for allocatur before the Pennsylvania Supreme Court. That request was denied. He untimely filed an additional motion seeking relief. That request was

---

[3] Even if Appellant were not barred by the coordinate jurisdiction rule, he would be barred from relitigating this issue by the doctrine of *res judicata*. Where a court of competent jurisdiction has previously rendered a final judgment on the merits, a defendant may not raise the same cause of action between the parties. ***Matternas v. Stehman***, 642 A.2d 1120, 1123 (Pa. Super. 1993). The common elements necessary for *res judicata* to apply are identity 1) in the thing sued upon; 2) in the cause of action; 3) of persons and parties to the action; and 4) identity of the capacity of the parties suing or being sued. *Id.* Here, all elements are met. The parties are the same, the issue of suppression is the same, and the capacity of the parties in the criminal matter are the same.

denied. At some point, Appellant must accept that his issue has been decided with finality.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2017