J-A26023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, AT TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2005-AC9, ASSET BACKED CERTIFICATES, SERIES 2005-AC9 | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | No. 367 WDA 2019 |
| FELICE FLEMING IN HER CAPACITY AS HEIR OF PATRICIA S. FELDMAN, DECEASED; JOANNA BRUDER, IN HER CAPACITY AS HEIR OF PATRICIA S. FELDMAN, DECEASED; UNKNOWN HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER PATRICIA S. FELDMAN, DECEASED; JUDY FELDMAN, IN HER CAPACITY AS HEIR OF HERBERT FELDMAN, DECEASED HEIR OF PATRICIA S. FELDMAN, DECEASED; UNKNOWN HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER HERBERT FELDMAN, DECEASED HEIR OF PATRICIA S. FELDMAN, DECEASED | : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |
| APPEAL OF: FELICE FLEMING | : | |

Appeal from the Order Dated February 12, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  MG 18-000419

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 26, 2019**

Felice Fleming (Appellant)[1] appeals from the order granting summary judgment, in the Court of Common Pleas of Allegheny County, in favor of U.S. Bank National Association (U.S. Bank). After careful review, we affirm.

On October 17, 2005, Union Federal Bank of Indianapolis (UFBI) loaned Patricia S. Feldman $148,00.00. To secure the loan, Feldman executed a mortgage encumbering her property at 6329 Ebdy Street, Pittsburgh, Pennsylvania 15217 (the Property). On November 24, 2009, Mortgage Electronic Recording Systems, Inc. (MERS)[2] assigned the mortgage to U.S. Bank as the trustee for Bear Stearns Asset-Backed Securities, Series 2005-AC9 (BSABS).[3] Feldman stopped making monthly payments on her loan in August of 2009, and passed away on January 16, 2016. Feldman's surviving heirs—Appellant, Herbert Feldman and Joanna Bruder (collectively, Feldman's heirs)—did not raise an estate on her behalf.

On September 8, 2016, U.S. Bank filed a complaint seeking *in rem* judgment of foreclosure against the Property. U.S. Bank relied on a December

---

[1] Appellant's co-defendants in the trial court did not respond to her Pa.R.A.P. 908 notice of appeal. *See* Pa.R.A.P. 908 (providing for all parties to matter in trial court to be notified of appeal).

[2] "MERS is a nominee for the lender and subsequent buyers . . . of a mortgage loan and serves as a common agent for the mortgage industry." MERS, *About MERS Frequently Asked Questions*, https://www.mersinc.org/about/faq (last visited Nov. 7, 2019).

[3] Neither the parties' filings nor the trial court's opinion clarify how Feldman's mortgage became an asset in BSABS Series 2005-AC9 prior to being transferred to U.S. Bank on November 24, 2009. This fact, however, is immaterial to the resolution of the case.

17, 2013 assignment from MERS to establish the mortgage's chain of ownership. On October 28, 2016, Herbert Feldman and Appellant filed preliminary objections, challenging, *inter alia*, U.S. Bank's standing to foreclose based on defects in the chain of mortgage assignments. Specifically, the preliminary objections asserted the mortgage was not indorsed to U.S. Bank, but rather, was indorsed in favor of "[BSABS] I LLC, Assed Backed Certificates, Series 2009-AC9[.]" Preliminary Objections, 1/27/17, at 3. On January 30, 2017, the Honorable Michael E. McCarthy dismissed the complaint as follows: "ORDERED and DECREED that the said Preliminary Objections are SUSTAINED, and the Complaint is dismissed for lack of standing. The record does not confirm an assignment to the plaintiff as opposed to [BSABS] I, LLC, nor is there a bank [i]ndorsement or bearer note." Order, 1/30/17, at 1.

On July 6, 2017, MERS corrected the assignment to reflect U.S. Bank's status as the mortgage holder. On July 11, 2017, U.S. Bank recorded the mortgage's re-assignment with the Allegheny County Recorder of Deeds. On March 27, 2018, U.S. Bank initiated the instant action by filing a second complaint against Feldman's heirs. Appellant filed an answer and new matter raising affirmative defenses of res judicata and collateral estoppel based on the prior mortgage foreclosure case. On November 2, 2018, U.S. Bank filed a motion for summary judgment arguing it had been assigned as the current mortgagee by the assignment of mortgage recorded on July 11, 2017.

On February 12, 2019, the trial court issued an order granting U.S. Bank's motion for summary judgment and entering an *in rem* judgment of

foreclosure against Feldman's heirs in the amount of $225,483.24, plus interest. The Honorable James M. Joseph found the evidence presented subsequent to Judge McCarthy's ruling "cleared up any questions about the chain of title." Pa.R.A.P. 1925(a) Opinion, 4/12/19, at 6. Consequently, the court found "U.S. Bank has established that it holds the original [n]ote and is entitled to enforce it against the Appellants.[4]" *Id.* On March 6, 2019, Appellant filed a timely notice of appeal, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant raises the following claim for our review:

1) Did the trial court err and/or abuse its discretion when it granted [U.S. Bank's] motion for summary judgment in mortgage foreclosure when collateral estoppel and res judicata bar this action because[:] (1) [U.S. Bank] relied upon the exact same mortgage note in a prior action in mortgage foreclosure against Appellant to foreclose this same mortgage [in the 2016 action;] (2) Judge McCarthy dismissed that prior action with a finding that [U.S. Bank] lacked standing, because the indorsement on that same note is to a different entity than [U.S. Bank], that note is not indorsed in blank, and it is not a bearer instrument[;] (3) Judge McCarthy's order was not appealed and is a final order; and (4) the other elements for the bar to relitigation

---

[4] We note, though the trial court found U.S. Bank established a right to relief, it did not attempt to address Appellant's claim. *See* Pa.R.A.P. 1925(a) Opinion, 4/12/19, at 1–6 (mentioning res judicata and collateral estoppel only insofar as it reproduced Appellant's claims). This Court, however, "may affirm the trial court's order on any valid basis." *Plasticert, Inc. v. Westfield Ins. Co.*, 923 A.2d 489, 492 (Pa. Super 2007).

of a prior judicial determination in a subsequent proceeding are present?[5]

Brief of Appellant, at 3 (capitalization adjusted).

"Applying the doctrines of res judicata and collateral estoppel . . . presents a question of law.  Like all questions of law, our standard of review is *de novo* and our scope of review is plenary."  ***Gregg v. Ameriprise***

---

[5] Appellant's Rule 1925(b) statement failed to advance any arguments beyond res judicata and collateral estoppel.  Pa.R.A.P. 1925(b) Statement, 3/22/19, at 1.  It states, in its entirety, as follows:

> 1. Did the trial court err and/or abuse its discretion when it granted Plaintiff's Motion For Summary Judgment in Mortgage Foreclosure when collateral estoppel and res judicata bar this action because (1) Plaintiff relied upon the exact same Mortgage Note in a prior Action in Mortgage Foreclosure against Defendant to foreclose this same Mortgage at MG 16-1262, (2) Judge McCarthy dismissed that prior Action with a finding that Plaintiff lacked standing, because the indorsement on that same Note is to a different entity than Plaintiff, that Note is not indorsed in blank, and it is not a bearer instrument, and (3) Judge McCarthy's Order was not appealed and is a final order.

***Id.***

We, therefore, limit our analysis of Appellant's claim accordingly.  ***See U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua***, 193 A.3d 994, 997 (Pa. Super. 2018) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.").

Further, we note with disfavor the disregard Appellant shows for the requirement under Pa.R.A.P. 2119(a) that the "argument section . . . be divided into as many parts as there are questions to be argued[.]"  Lumping seven arguments, organized as subsections A through G, under a single question posed, strains the bounds of logic and coherence.  ***See*** Brief of Appellant, at 17–32.

***Financial, Inc.***, 195 A.3d 930, 935 (Pa. Super. 2018) (allowance of appeal granted on other grounds, 216 A.3d 222 (Pa. 2019) (Table)).

Both res judicata and collateral estoppel are, in part, predicated on the existence of a pre-existing, final judgment on the merits. ***See Shaffer v. Smith***, 673 A.2d 872, 874 (Pa. 1996) (requiring, *inter alia*, "a final judgment on the merits" to invoke collateral estoppel); ***see also Matternas v. Stehman***, 642 A.2d 1120, 1122 (Pa. Super. 1994) (requiring, *inter alia*, "a final judgment on the merits" to invoke res judicata). Dismissal for lack of standing is not a determination on the merits. ***See Silfies v. Webster***, 713 A.2d 639, 642 (Pa. Super. 1998) ("In essence[,] the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute[.]") (quotation omitted).

Judge McCarthy's order expressly dismissed the September 8, 2016 complaint "for lack of standing." Order, 1/30/17, at 1. Consequently, his order does not represent a final determination on the merits and cannot be the basis upon which to make a claim of either res judicata or collateral estoppel. ***See id.*** (distinguishing standing from merit-based determination); ***see also Shaffer***, ***supra*** at 874 ***and Matternas***, at 1122 (requiring judgment on merits for res judicata and collateral estoppel, respectively).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019