J. S06032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PRINGLE ELECTRIC, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SNEAKER VILLA, INC. DOING | : | No. 2736 EDA 2019 |
| BUSINESS AS VILLA AND DTLR, INC. | : | |
| DOING BUSINESS AS VILLA | : | |

Appeal from the Order Entered August 6, 2019,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 1904M0014

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 08, 2020**

Pringle Electric, Inc., appeals from the August 6, 2019 order, entered in the Court of Common Pleas of Philadelphia County, sustaining the preliminary objections of Sneaker Villa, Inc., d/b/a Villa, and DTLR, Inc., d/b/a Villa (collectively "Villa"), and dismissing appellant's mechanics' lien claim.[1]  We reverse.

The record reveals the following:  On April 17, 2019, appellant filed a mechanics' lien claim alleging that it subcontracted with Arizona Designs Project Management, LLC ("ADMP"), to provide electrical work for a new Sneaker Villa/DTLR store located at 1231 North Broad Street in Philadelphia.

---

[1] **See** 49 P.S. § 1101 **et seq.**

(Appellant's mechanics' lien claim at ¶¶ 2, 3, 7-10; Exhibit A.)  The claim identifies the "[o]wners" as "Sneaker Villa, Inc., d/b/a Villa, and DTLR, Inc., d/b/a Villa." (***Id.*** at ¶¶ 6, 8.)  Appellant completed its work on November 15, 2018.  (***Id.*** at ¶ 7.)  On March 6, 2019, appellant sent formal notice of its intention to file a mechanics' lien claim.  (***Id.*** at ¶ 15; Exhibit B.)

Appellant further alleged that it performed electrical work and supplied the labor, materials, and equipment to perform the work.  (***Id.*** at ¶¶ 10, 11, 12; Exhibit A at 1, 4-8.[2])  The total contract price for the electrical work was $61,470.  (***Id.***, Exhibit A at 8.)  Appellant claims it did not receive full payment, and a balance of $29,481[3] remains due and owing.  (***Id.*** at ¶¶ 13, 14.)  The property subject to the lien is described as the real property located at 1231 North Broad Street, being utilized as a Sneaker Villa retail store.  (***Id.*** at ¶ 18.)

On May 13, 2019, Villa responded by filing preliminary objections to the claim.  Appellant filed a timely answer.  On August 6, 2019, the trial court issued an order sustaining Villa's preliminary objections.  Appellant timely appealed.  On September 4, 2019, the trial court ordered appellant to file a

---

[2] Exhibit A to appellant's mechanics' lien claim does not contain pagination. Therefore, for the ease of discussion, we have assigned each page a corresponding number.

[3] We note that based on the figures set forth in appellant's formal notice of intention to file a mechanics lien claim, the amount owed appellant is $24,481, as initially set forth in the notice. (***See*** appellant's formal notice, 4/6/19 at ¶ 3.)

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> [1.] Did the trial court err in sustaining the preliminary objections and finding that [appellant] should seek collection of the sums sought in the mechanics' lien claim via a breach of contract action, rather than the lien?
>
> [2.] Should the trial court have overruled the first preliminary objection, arguing [either Sneaker Villa or DTLR] was not an "owner" and also arguing the fee owner was a necessary defendant?
>
> [3.] Should the trial court have overruled the second preliminary objection, arguing lack of specificity?
>
> [4.] Should the trial court have overruled the third preliminary objection, arguing lack of service?
>
> [5.] Should the trial court have overruled the fourth preliminary objection, arguing excess curtilage?

Appellant's brief at 5-6 (extraneous capitalization omitted).

Our scope of review in determining whether the trial court properly sustained preliminary objections is as follows:

> [This] court must examine the averments in the complaint, together with the documents and exhibits attached thereto in order to evaluate the sufficiency of the facts averred.
>
> Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. We must be able to state with certainty that upon the

> facts averred, the law will not permit recovery by the plaintiff.
>
> This Court will reverse the trial court's decision only where there has been an error of law or abuse of discretion. Further, when the sustaining of preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien proceeding, preliminary objections should be sustained only where the case is clear and doubtless.

*Denlinger, Inc. v. Agresta*, 714 A.2d 1048, 1050 (Pa.Super. 1998)

(citations and quotation marks omitted).

> Mechanics' liens were unknown at common law and are entirely a creature of statute. Such liens are designed to protect persons who, before being paid (or fully paid), provide labor or material to improve a piece of property. The [m]echanics' [l]ien [l]aw . . . was intended to protect the prepayment labor and materials that a contractor invests in another's property. Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies.

*Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Co.*, 90 A.3d 682, 690 (Pa. 2014) (citations omitted).

> [E]very improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor **or by the contractor to any of his subcontractors** for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement[.]

49 P.S. § 1301(a) (emphasis added). An "[owner] means an owner in fee, a tenant for life or years or one having any other estate in or title to property."

49 P.S. § 1201(3). "[A] subcontractor is generally understood to be a person

or business who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract." *Pennsylvania Combined Funds*, 90 A.3d at 691 (citation and quotation marks omitted). *See also* 49 P.S. § 1201(5).

Mechanics' liens and assumpsit actions are cumulative remedies. *See* 49 P.S. § 1702. As this court noted: "there may not only be a mechanics' lien filed against the owner and contractor, and that prosecuted to judgment, but a personal action may be brought on his personal liability on the contract." *Matternas v. Stehman*, 642 A.2d 1120, 1124 (Pa.Super. 1994) (citation omitted). "It sometimes happens that out of the same transaction there arise[s] rights both *in personam* and *in rem*. In such case, a judgment *in rem* does not merge the action *in personam* on the original claim, and does not constitute a bar to an action thereon." *Id.* at 1125, quoting 47 AmJur2d, Judgments § 1074 at 136 (footnotes omitted, italics added).

Here, the trial court sustained the preliminary objections because:

> [a]ppellant and [Villa] were parties in a contract to perform work at the [p]roperty. Pursuant to 49 P.S. §1101, . . . lien proceedings are not intended to settle contractual obligations. Therefore, this court sustained [Villa's] preliminary objections on the basis that the [c]laim was not the proper avenue by which these contractual obligations should be settled.

Trial court opinion, 10/7/19 at 2-3. The trial court relied on this court's opinion in *Matternas v. Stehman*, 642 A.2d 1120 (Pa.Super. 1994). (Trial court's

order, 8/6/19 at n.1; trial court opinion, 10/7/19 at 2-3.)  The trial court's reliance on **Matternas** is misplaced.[4]

Accepting the averments in appellant's mechanics' lien claim as fact,[5] the only contract appellant asserts is with ADPM,[6] the general contractor. Further, a mechanics' lien claim is the proper remedy for appellant, as subcontractor, to lien the owners'[7] property to secure recovery for the labor, material, equipment, services and work it provided to ADPM.  **See** 49 P.S. §§ 1201(3), 1201(5), 1301(a).  Additionally, appellant's claim comports with the requirements of 49 P.S. § 1503.

As mechanics' liens claims and contract actions are cumulative remedies, regardless of whether or not appellant had a contractual relationship with Villa, appellant was entitled to file a mechanics' lien claim.

---

[4] In **Matternas**, this court held that a consent order concluding a mechanic's lien proceeding, brought by a building contractor against the property owners, did not collaterally estop the property owners from bringing a subsequent assumpsit action seeking damages for breach of the contract because there was no basis to regard any issue as having been settled by the consent order.

[5] **See Philadelphia Const. Services, LLC v. Domb**, 903 A.2d 1262, 1266 (Pa.Super. 2006) (noting that in ruling on preliminary objections to a mechanics' lien claim, the trial court is required to accept the averments in appellant's claim as fact).

[6] **See** appellant's mechanics' lien claim, 4/17/19 at ¶¶ 2, 3, 8, 9, 15; Exhibit A.

[7] There is no dispute that Villa, as lessee of 1231 North Broad Street in Philadelphia, was the owner of the property for purposes of the mechanics' lien law.

Thus, the trial court erred in concluding, as a matter of law, that appellant's only remedy was a breach of contract action.

Order reversed. Case remanded. Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/8/2020*