J-A21031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AGNES A. FREMPONG AND STEVE A. FREMPONG | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2801 EDA 2022 |
| ALLAN RICHARDSON AND JOHN AND JANE DOES | : | |

Appeal from the Order Entered October 13, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 21100166

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 15, 2024**

Appellants, Agnes A. Frempong and Steve A. Frempong, appeal *pro se* from the trial court's October 13, 2022 order granting Appellees', Allan Richardson and John and Jane Does, Motion to Dismiss the Complaint pursuant to Pa.R.Civ.P. 233.1(a)(1) and (2).  After careful review, we affirm.

The trial court summarized the pertinent procedural history of this case, as follows:

> [Appellants] initiated this action on October 1, 2021[,] by filing a Writ of Summons against [Appellees] and all unknown occupants. Following the entry of a Rule, [Appellants] filed a Complaint in Ejectment on February 15, 2022.  The Complaint pertains to the property located at 2124 North 11th Street in Philadelphia.  The deed attached to the Complaint lists Agnes Frempong, but not Steve[] Frempong, as the purchaser of the property on October 10, 1985.  The Complaint alleges[,] *inter alia*[,] that Mr. Richardson is living at the property without a lease, and he has no lawful right to occupy the property.

On August 23, 2022, [Appellees], through counsel, filed a Motion to Dismiss pursuant to Rule 233.1. As was alleged in the Motion and developed at oral argument, the current Complaint is the third time [Appellants] have brought an ejectment or landlord/tenant claim related to the same property and same defendant[, Mr. Richardson].

[Appellants] first commenced an action against Mr. Richardson in the Philadelphia Municipal Court as a landlord/tenant action. On December 15, 2017, the Municipal Court found in favor of [Appellants] and entered a judgment for possession. Mr. Richardson filed a *de novo* appeal to the court of common pleas, December Term 2017 No. 3165. The case eventually proceeded to a non-jury trial before the Honorable Nina Wright-Padilla in April 2018. Following the trial, Judge Wright-Padilla granted possession to [Appellants]. Both Mr. Richardon [*sic*] and [Appellants] filed cross-appeals. On appeal, the Superior Court (1694 EDA 2018 and 1955 EDA 2018) reversed and remanded in a published opinion dated April 30, 2019. [***See Frempong v. Richardson***, 209 A.3d 1001 (Pa. Super. 2019).] The Superior Court explained[,] *inter alia*[,] that [Appellants] had no legal right to evict Mr. Richardson because they had no valid rental license and/or Certificate of Rental Suitability, as required by the Philadelphia Code. The Supreme Court denied *allocatur* on March 16, 2020, [***Frempong v. Richardson***, 227 A.3d 313 (Pa. 2020),] and there are no further proceedings on the docket in that case.

Meanwhile, on August 27, 2019, [Appellant, Agnes Frempong,] filed a Complaint in Ejectment involving known and unknown tenants for five different properties, including the 2124 North 11th Street property and Mr. Richardson. The case proceeded to a non-jury trial before the Honorable Edward C. Wright on June 21, 2022. Following the trial, Judge Wright found in favor of all defendants and against [Ms. Frempong]: [Ms. Frempong] appealed to the Superior Court on August 3, 2022 (1950 EDA 2022). In his 1925(a) Opinion, Judge Wright noted that [Ms.] Frempong[] had no valid rental license and/or Certificate of Rental Suitability. Judge Wright also noted that the legal issue — whether [Ms.] Frempong[] had those documents as required by the Philadelphia Code — was the same issue that had been previously litigated in the landlord/tenant matter. [Ms. Frempong appealed and, on June 28, 2023, the Superior Court affirmed the trial court's order dismissing her claims against the tenants of the various properties, including Mr. Richardson and the 2124 North 11th Street property. ***See Commonwealth v. Frempong***, 301

- 2 -

A.3d 935 (Pa. Super. filed June 28, 2023) (unpublished memorandum).]

On October 13, 2022, following oral argument, [the trial c]ourt granted [Appellees'] motion [to dismiss,] and on November 1, 2022, [Appellants] filed this appeal.

Trial Court Opinion (TCO), 1/25/23, at 2-4 (footnote omitted).

The trial court subsequently ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and they timely complied. The court then filed a Rule 1925(a) opinion on January 25, 2023. In Appellants' *pro se*, handwritten brief to this Court, they present three issues for our review:

> A. Whether the trial court's factual and procedural history are erroneously stated with its correspondingly erroneous application of the law to the prejudice of … Appellants, hence, resulting in gross error of law and manifest abuse of discretion[?]
>
> B. Whether Appellee[s'] reliance on the doctrine of *res judicata* to file Appellee[s'] motion to dismiss Appellants['] complaint pursuant to [Rule] 233.1(a)(1) and (2) is inapplicable in this case and misplaced, hence, the inappropriate invocation of [Rule] 233.1(a)(1) and (2) is without any merit and therefore Appellee[s'] motion to dismiss Appellants['] complaint should have been denied by the trial court and failure to do so was clear error of law and manifest abuse of discretion[?]
>
> C. Whether the trial court's dismissal of Appellants' complaint of action in ejectment constitute[s] gross error of law and manifest abuse of discretion as [Rule] 233.1 is not applicable to the current complaint[?]

Appellants' Brief at 2 (unnecessary capitalization omitted).

Initially, we observe that Appellants' handwritten brief is difficult to understand, and we agree with Appellees that Appellants present various "irrelevant, and sometimes nonsensical[,] arguments" throughout the three

J-A21031-23

issues they raise on appeal. Appellees' Brief at 10. We further concur with Appellees that ultimately, "[t]he only issue on … appeal is whether the trial court abused its discretion when it dismissed [Appellants'] third Ejectment Complaint pursuant to [Rule] 233.1." *Id.* Thus, we limit our review to that issue, and we will not address Appellants' other irrelevant, confusing, and futile arguments.

Our standard of review of Appellants' challenge to the court's dismissal of their complaint under Rule 233.1 is as follows:

> To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo.* To the extent that this question involves an exercise of the trial court's discretion in granting [a] "motion to dismiss," our standard of review is abuse of discretion.
>
> > Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Coulter v. Ramsden*, 94 A.3d 1080, 1086 (Pa. Super. 2014) (quoting *Sigall v. Serrano*, 17 A.3d 946, 949 (Pa. Super. 2011) (internal citations omitted)).

Rule 233.1 states, in pertinent part:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> > (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.Civ.P. 233.1(a).

This Court has examined and explained the intent and applicability of Rule 233.1, as follows:

Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate. Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar. Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants.

Following scrutiny of the Rule's text, we discern the extent of our Supreme Court's intent in the Rule's allowance of summary proceedings for dismissal substantially less exacting than those required by the Rules of Court for counseled actions, as well as the absence from the language of any of the elements encompassed under the doctrines of *res judicata* and collateral estoppel. The Rule's language is noteworthy, specifically, in its omission of any reference to existing procedures under the Rules for obtaining judgment prior to trial, **see, e.g**., Pa.R.C[iv].P. 1028(a)(4) (Preliminary Objections (Demurrer)), 1034 (Judgment on the Pleadings), 1035.2 (Summary Judgment). Indeed, the very fact that Rule 233.1 was promulgated in the presence of this series of rules and procedures, that by design tests every aspect of the legal and factual merit of a plaintiff's claim, announces the Supreme Court's focus and intent with exceptional clarity. Quite simply, the Court saw no reason to expose already beleaguered defendants to the demands of extended litigation and the rigor of technical procedural rules for summary disposition when the claims at issue have already been addressed in a substantive manner and resolved.

* * *

[N]either the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be "*related*" to those in the prior action and that those prior claims have been "*resolved.*" These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to be "identical" under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and "resolved." The drafting committee's recourse to the word "resolved" in this context is equally significant. In the Rule's requirement that the matter ha[s] been "resolved pursuant to a written settlement agreement or a court proceeding," the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding. It does not require, however, that the matter has progressed to a "final judgment on the merits," nor does it require the identi[t]y of the quality or capacity in the persons for or against whom the claim is made. In view of the circumstances under which the rule was promulgated, "the mischief to be remedied," and the object to be attained, we find these multiple omissions indicative of the manner in which the Supreme Court intends Rule 233.1 to operate and dispositive of Gray's current actions.

*Gray v. Buonopane*, 53 A.3d 829, 835–36 (Pa. Super. 2012) (citations and some quotation marks omitted; emphasis in original).

In the case *sub judice*, the trial court explained:

Here, the allegations in [Appellants'] Complaint are (i) nearly identical in substance and form to their allegations against Mr. Richardson in the 2019 ejectment Complaint, and (ii) are nearly identical in substance to the landlord/tenant dispute from 2017, although the form of that action was different. Moreover, [Appellants'] appeal of Judge Wright's trial finding in the 2019

action is still in the early stages of the appeal.[1] ... Thus, to the extent any issue raised by [Appellants] in that appeal with respect to Mr. Richardson may have merit, the Superior Court will have the ability to correct those errors.

[Appellants] have filed a Complaint alleging the same or related claims to those they previously raised against Mr. Richardson. Those claims have either been previously resolved through court proceedings and/or may yet be resolved by the Superior Court. Thus, this [c]ourt properly dismissed the Complaint and barred [Appellants] from pursuing the claims alleged in the Complaint without leave of court.

TCO at 5-6.

In challenging the court's decision to dismiss their instant complaint, Appellants first argue that the 2017 action was distinct, as it was not an ejectment action, but was "filed with the Landlord-Tenant Court of Philadelphia Municipal Court for possession and monetary damages[,]" and "the main issue was the interpretation of the word 'or' in the Phila[delphia] Code § 9-3901(4)(e)." Appellants' Brief at 5. They further contend that the present action is different from the 2019 ejectment action because they are alleging "new facts including nuisance and the destruction of the property intentionally." *Id.* Specifically, they claim that since litigating that prior ejectment action, they have discovered that "Mr. Richardson was intentionally destroying the property by running the water 24 [hours per day,] 7 [days per week,] to the extent that instead of monthly water rents of $50 to $75[, water is] now [costing] over $1,000 a month." *Id.* Appellants' focus the majority

---

[1] As mentioned *supra*, since the filing of the trial court's opinion, our Court affirmed Judge Wright's order dismissing Agnes Frempong's claims against Mr. Richardson regarding the instant property. **See Frempong**, 301 A.3d 935.

of their argument on claiming that *res judicata* does not bar their present action, as the present case is an ejectment action, not a Landlord-Tenant claim, and is premised on new facts not alleged in the 2019 action. ***See id.*** at 19-26.

However, as set forth *supra*, dismissal under Rule 233.1 does not require "the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be '*related*' to those in the prior action and that those prior claims have been '*resolved.*'" ***Gray***, 53 A.3d at 836 (emphasis in original). Presently, Appellants seem to challenge whether their 2017 case was "resolved," given that this Court remanded for the trial court "to determine whether Tenants remain in the property, whether the property has been subject to sheriff's sale, and any other pertinent issue related to our reversal of the possession award." ***Frempong***, 209 A.3d at 1011. However, it is clear that this Court resolved the issue raised in Appellants' instant complaint: whether they are entitled to possession of the at-issue property. ***See id.*** at 1010 (stating "we agree with Tenants … that Section 9-3901(4)(e) does not allow recovery of rent or possession" by the Frempongs).

Additionally, we reject Appellants' argument that their 2019 action is not 'related' to the instant case because the trial court's opinion "made no reference to [Mr.] Richardson at all." Appellants' Brief at 31. It is true that the trial court's opinion in that case, and this Court's decision on appeal, focused on Agnes Frempong's "complaint against Jennifer Phillips seeking

possession for property located at 920 East Price Street, Philadelphia, PA[,]" and did not explicitly mention Mr. Richardson. ***Commonwealth v. Frempong***, No. 1950 EDA 2022, unpublished memorandum at 1 (Pa. Super. filed June 28, 2023) (quoting Trial Court Opinion, 12/20/22, at 1-2). Nevertheless, Mr. Richardson was a party to that action, Appellants' complaint sought to recover possession of the at-issue property herein, and we affirmed the trial court's dismissal of that action on appeal.

Finally, we address Appellants' contention that the trial court lacked subject matter jurisdiction over Appellees' motion to dismiss. Appellants confusingly argue that "the trial court did not have subject matter jurisdiction … where [Appellees] solely relied on *res judicata* but failed to raise it in a New Matter." Appellants' Brief at 31. This argument is meritless. Notably, as Appellants correctly recognize:

> Jurisdiction of subject matter relates to the competence of a court to hear and determine controversies of the general nature of the action before the court; jurisdiction of the person is ordinarily acquired by service upon him of the court's process within the territorial limits of his authority.

***Id.*** (quoting ***Commonwealth v. Stewart***, 543 A.2d 572, 574 (Pa. Super. 1988)). Here, Appellants filed the complaint in ejectment that initiated this action, over which the trial court clearly had subject matter jurisdiction. Appellees then filed the motion to dismiss that complaint under Rule 233.1, asserting that the complaint was "barred by the doctrine of *res judicata*," and that "the requirements for dismissal of the [c]omplaint under [Rule] 233.1" were satisfied. Motion to Dismiss, 8/23/22, at 7 (unnumbered). Appellees'

alleged failure to raise their *res judicata* claim in a New Matter, as Appellants contend, did not deprive the trial court of subject matter jurisdiction to grant their motion to dismiss pursuant to Rule 233.1.[2]

In sum, we discern no abuse of discretion in the trial court's conclusion that the instant action is related to Appellants' prior actions against Appellees (specifically, Mr. Richardson), which have been resolved. Namely, it has been decided that Appellants are not entitled to possession of, or rent regarding, the at-issue property. To the extent their present complaint is different in form, and/or alleges minor, additional facts that they believe warrant the eviction of Appellees, those distinctions do not render this action unrelated to the prior decisions determining that Appellants are not entitled to possession of the at-issue property unless or until they obtain a rental license as required by Phila. Code § 9-3901(4)(e). ***See Frempong***, 209 A.3d at 1010-11.[3]

---

[2] Given our conclusion that Appellees satisfied the requirements for dismissal of Appellants' complaint under Rule 233.1, we need not address whether they also met the stricter requirements of *res judicata*.

[3] We agree with Appellees that

> [t]he remedy for [Appellants] is not in the courts, but in their own hands. They need to obtain a valid Rental License and Certificate of Rental Suitability for 2124 N. 11[th] Street, Philadelphia, PA, and then they can eject [Mr. Richardson]. However, to do this, [Appellants] must pay their outstanding real estate taxes and water charges. This[,] too[,] is in [Appellants'] control. They own multiple properties and can leverage them or sell one or two of them, pay the City the money that they owe them, obtain a Rental License and Certificate of Rental Suitability, and obtain possession of the property. But they refuse to do this. Instead, they would

*(Footnote Continued Next Page)*

Accordingly, Appellants have failed to demonstrate that the trial court abused its discretion in granting Appellees' motion to dismiss under Rule 233.1.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/15/2024

---

rather file lawsuit after lawsuit waiving the banner of property rights and ask the Court of Common Pleas, or this Court[,] to help them out of a jam of their own making. Enough is enough!

Appellees' Brief at 19-20.