J-S04014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GARRY CORE, ADMINISTRATOR OF THE ESTATE OF AUDREY BRANCH CORE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NELSON BRANCH AND WYNEESHA BRANCH | : | No. 1299 EDA 2023 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered June 6, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220102259

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.: **FILED MAY 3, 2024**

Appellants Nelson Branch ("Nelson") and Wyneesha Branch ("Wyneesha") appeal from the judgment entered against Nelson and in favor of Garry Core ("Garry"), in his capacity as administrator of the estate of Audrey Branch Core ("the decedent"), ejecting Nelson from the real property located at 2209 South Bucknell Street, Philadelphia, Pennsylvania ("the property"). We affirm.

The trial court provided the following background as to this matter:

The decedent . . . passed away intestate on September 20, 2021. She was survived by her husband, [Garry], and her two adult daughters: Wyneesha . . . and Alexis Young. . . . [Garry] was granted letters of administration by the Register of Wills in Delaware County, where he resides. The entirety of the decedent's estate consisted of the . . . property. The decedent purchased the property at a sheriff's sale in 2013, after the

decedent's sister died intestate with the property in foreclosure. [Wyneesha] and her children were living in the property at that time. In 2018, the decedent's brother [Nelson] moved in and has remained in the property ever since.

On November 3, 2021, [about six weeks after the decedent died, Garry], through his attorney, sent [Nelson] a demand letter for possession of [the property] within seven . . . days. [Nelson] did not respond to this letter and failed to deliver possession of the property. . . . [Garry] filed a complaint in ejectment, wherein [he] demanded "immediate possession of the [p]roperty, and that defendant should immediately end his unlawful possession and vacate the same." [Nelson thereafter filed an answer with new matter, and Garry responded.] On May 27, 2022, [Wyneesha] filed a petition to intervene, which was granted by the [trial court. Garry did not seek leave to amend the complaint to name Wyneesha as an additional defendant.] N[o] party filed a motion for judgment on the pleadings or a motion for summary judgment.

On March 30, 2023, this court conducted a one-day non-jury trial. [Garry] testified first, stating that he and the decedent had been married more than [forty] years when she passed away and that they resided together in Yeadon, Pennsylvania. He stated that the decedent was the administrator of her sister's estate in 2013 and that she purchased the property, which had been her sister's residence, as part of a sheriff's sale in order to keep it for her daughter [Wyneesha], who had recently separated from her husband. [Garry] testified that [Wyneesha] and her children moved into the property in 2013 and lived there until 2018 or 2019 when they moved in with [Wyneesha]'s boyfriend in Dover, Delaware. [Garry] stated that at the time of his wife's death, the only residents at the property that he was aware of were [Nelson] and [Nelson]'s wife.

. . . .

. . . [Garry also] stated that there were outstanding bills and back taxes to be paid on the property and that he had incurred out-of-pocket expenses in his role as administrator that needed to be reimbursed. He stated that he wanted to sell the property "to settle up with everything with the debts, whatever debts we have, split the proceeds accordingly and move on."

Trial Court Opinion, 9/6/23, at 1-3 (cleaned up).

At trial, Nelson attested that he had been living in the property for approximately five years. He indicated that he had entered into a written lease agreement with the decedent but was unable to produce the writing into evidence. Contrary to Garry's testimony, Nelson claimed that Wyneesha and her two children continue to live with him there and that Wyneesha acts as his caretaker eight hours a day. He acknowledged paying monthly rent of $800 to the decedent prior to her death, but said that he refused to pay rent to Garry thereafter because he did not like the way Garry treated the decedent during their marriage. Instead, Nelson made rental payments directly to Wyneesha.

Wyneesha also testified, stating that she and her two younger children have lived in the property consistently since 2010 or 2011, before it was purchased by the decedent. However, Wyneesha conceded that her children were currently attending school full time in Delaware five days a week and residing with her boyfriend in Delaware throughout each school week. She also said that she splits the utility costs of the property with Nelson and that she made a payment for property taxes of $900, which she believed was for year 2023.

Appellants' attorney averred during closing argument that, *inter alia*, Garry was precluded from taking possession of the property because he failed to abide by certain licensing and certificate requirements pursuant to the Philadelphia Code applicable to landowners who rent their properties. Counsel

for Garry contended that, as administrator of the decedent's estate, he is mandated by law to sell the property at a favorable price so that he can distribute the proceeds to the heirs, and that Nelson's occupation was detrimentally affecting that process.

At the conclusion of trial, the court found in favor of Garry with respect to the ejectment claim. The docket entry reflecting the verdict states as follows: "Finding in favor of [Garry] and against [Appellants] pursuant to [§] 3311 of Title 20, Decedents, Estates, and Fiduciaries. [Appellants] shall cooperate with [Garry] on a reasonable basis in providing access to the [property] for showing to prospective purchasers." Docket Entry 14, 3/31/23 (capitalization altered).

Appellants timely filed a joint post-trial motion, which the court denied without a hearing. They then filed a timely single notice of appeal before the court's verdict was subsequently reduced to judgment.[1] Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants present two issues for our review:

> 1. Did the trial court commit an error of law in holding that the Rental License and Certificate of Rental Suitability requirements of the Philadelphia Code did not apply to [Garry]'s ejectment action where the exception. . . under the Philadelphia Code only

---

[1] Although Appellants purported to appeal from the trial court's April 28, 2023 order denying their post-trial motions, an appeal is properly taken from the entry of judgment, which occurred on June 6, 2023. Thus, our jurisdiction is proper. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

apply where the owner resides in the same house as the family member and [Nelson] was a tenant who was not a member of the [Garry]'s family pursuant to Phila. Code § 9-3901(5)(d)?

2. Did the trial court commit an error of law in holding that ejectment, and not partition, was the appropriate action against [Wyneesha] where she was a 25% owner of the subject property, and was not claiming adverse possession or ouster?

Appellants' brief at 2 (cleaned up).[2]

Our standard of review of an ejectment action is "limited to a determination of whether the [court] committed an error of law or an abuse of discretion." *In re Estate of Bowman*, 797 A.2d 973, 976 (Pa.Super. 2002) (cleaned up).

Appellants first contend that ejectment was improper as to Nelson because Garry, as an "owner" of the property, failed to obtain a required rental license and certificate of rental suitability pursuant to the Philadelphia Code. *See* Appellants' brief at 10-18. This claim requires us to review the trial court's interpretation of a statute, and this inquiry is a pure question of law over which our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Montgomery*, 234 A.3d 523, 533 n.9 (Pa. 2020).

It is well settled that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The plain language of the statute is the

_____

[2] We note with displeasure that Garry did not file a brief with this Court.

- 5 -

best indicator of the legislature's intent. To ascertain the plain meaning, we consider the operative statutory language in context and give words and phrases their common and approved usage." ***Commonwealth v. Chesapeake Energy Corp.***, 247 A.3d 934, 942 (Pa. 2021). These rules of statutory interpretation have been applied to consideration of provisions within the Philadelphia Code. ***See***, ***e.g.***, ***City of Philadelphia v. City of Philadelphia Tax Review Bd. Ex rel. Keystone Health Plan East, Inc.***, 132 A.3d 946, 952 (Pa. 2015).

Appellants' argument concerns Chapter 9-3900 of the Philadelphia Code, relating to Property Licenses and Owner Accountability. This Court has summarized the relevant provisions as follows:

> Subsection 9-3902(1)(a) ("Rental Licenses") requires the owner of any dwelling "let for occupancy [to] obtain a rental license. No person shall collect rent with respect to any property that is required to be licensed . . . unless a valid rental license has been issued for the property." Phila. Code § 9-3902(1)(a). Subsection 9-3903(1)(a) ("Certificate of Rental Suitability") also requires a landlord to provide a tenant with a certificate of rental suitability, which is obtained from the Department of Licenses and Inspection, as well as a copy of the Philadelphia Partners for Good Housing Handbook. Phila. Code § 9-3903(1)(a).
>
> Of particular importance is Code [§] 9-3901(4)(e), which provides:
>
> > *Non-compliance*. Any owner who fails to obtain a rental license as required by § 9-3902, or to comply with § 9-3903 regarding a Certificate of Rental Suitability, or whose rental license has been suspended, **shall be denied the right to recover possession of the premises** or to collect rent during or for the period of noncompliance or during or for the period of license suspension. In any action for eviction

or collection of rent, the owner shall attach a copy of the license.

**Frempong v. Phillips**, 301 A.3d 935, 2023 WL 4234426, at *3 (Pa.Super. 2023) (non-precedential decision) (emphasis added).[3]

An "owner" is defined broadly to include any person "having a legal or equitable interest in the property" or "otherwise having control of the property," and includes administrators of an estate. Phila. Code § 9-3901(5)(k). As heirs, Garry, Wyneesha, and Alexis Young all gained a legal interest in the property upon the decedent's passing. **See** 20 Pa.C.S. § 301(b) ("Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this code and lawfully by the will and to all orders of the court"). Accordingly, they are all owners of the property and would therefore normally be subject to the rental license and certificate of rental suitability requirements.

However, the code provides an exception to these obligations when the occupying tenant is a family member of the owner. **See** Phila. Code § 9-3902(1)(b)(.1) (stating that "[a] rental license is not required for any dwelling unit that is occupied by the owner or a member of the owner's family"); **see**

_____

[3] In that case, this Court considered these provisions of the Philadelphia Code in the context of an action in ejectment, like here, as opposed to a landlord/tenant complaint filed in the Philadelphia Municipal Court. **See** **Frempong v. Phillips**, 301 A.3d 935, 2023 WL 4234426 (Pa.Super. 2023) (non-precedential decision).

- 7 -

*also* Phila. Code § 9-3903(1)(b) ("The provisions of [this subsection] shall not apply with respect to any rental to a tenant who is a member of the owner's family.").

Appellants contend that, as administrator of the decedent's estate, Garry was the sole "owner" of the property, as the term is used in this chapter. *See* Appellants' brief at 10-11. They argue that since it was undisputed at trial that Garry did not have either a rental license or certificate of rental suitability, he cannot obtain possession of the property, whether through an ejectment action or otherwise. *Id*. at 15 (citing *Frempong v. Richardson*, 209 A.3d 1001, 1010 (Pa.Super. 2019)). Appellants further assert that the family member exception does not apply here because, in their interpretation, it only operates when the "owner" also lives in the property with the family member, and that Garry has never resided on the property. *See* Appellants' brief at 15.

Upon review, we disagree with Appellants that the exception relating to family members does not apply. Critically, by focusing exclusively on Garry, Appellants neglect to consider **Wyneesha's** ownership interest and familial relationship to Nelson. Assuming *arguendo* that an owner must reside with the family member to satisfy the relevant exception, as Appellants suggest, that condition was fulfilled here by Appellants' own evidence. Both Appellants testified that Wyneesha resided in the property continuously from approximately 2010 to the date of the hearing, and that Nelson moved in

several years before the decedent's death. *See*, *e.g.*, N.T. Trial, 3/30/23, at 63, 92, 99. Indeed, Wyneesha claimed that she continues to be paid to provide daily care for Nelson at the property. *Id*. at 103. Further, as iterated above, based upon both her legal interest in and control over the property, Wyneesha was an "owner" of the property for purposes of the code provisions in question. *See* Phila. Code § 9-3901(5)(k). Therefore, even under Appellants' own interpretation of the Philadelphia Code, the family member exception applied, and the decedent's estate was not precluded from seeking possession based upon a lack of compliance with Chapter 9-3900 of the Philadelphia Code. The trial court thus did not err in finding in favor of Garry and against Nelson as to the complaint in ejectment.

In their remaining issue, Appellants argue that Wyneesha could not be ejected from the property because she had a 25% ownership interest therein. *See* Appellants' brief at 18. They articulate that under the intestacy statute, Wyneesha now owns the property with Garry and Alexis Young "as co-tenants in common" in light of the decedent's death. *Id*. at 20. Appellants believe that based on this, Garry could not properly seek to eject Wyneesha, but rather should have filed an action for partition. *Id*. at 21.

In rejecting this contention, the trial court aptly highlighted that Wyneesha had **not** been ejected from the property, since the complaint in ejectment only named Nelson as a defendant. *See* Trial Court Opinion, 9/6/23, at 9. Indeed, the court stated as follows:

> Regardless of whether [Wyneesha] resided in the property as she claimed, this court correctly found that based upon [20 Pa.C.S. §] 3311, [Garry], as administrator and personal representative of the estate, had the right to sell the property to settle its debts and then distribute the proceeds proportionately between the heirs. Therefore, this court properly granted [Garry]'s ejectment action **to remove [Nelson] from the property** so [Garry] could move forward with his duties as administrator.

*Id*. at 9-10 (cleaned up, emphasis added).

Our review of the record confirms the trial court's statements. The underlying complaint asserted a single ejectment count against Nelson and was not amended after Wyneesha intervened. The court therefore did not have the authority to eject Wyneesha and did not purport to do so.[4]

Since Appellants have not convinced us that the court improperly found in favor of Garry with respect to his ejectment claim against Nelson, we have no cause to disturb its judgment.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/3/2024

---

[4] To the extent Appellants aver that the verdict reflected in the docket applied to Wyneesha because it included the plural word "Defendants" in reference to the court's finding in favor of Garry, we reiterate that the record is clear that the only defendant named in the underlying action was Nelson.